AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| IONUT IGNAT (1) | Case Number: 3:24-CR-02009-JAH |

**FILED**
MAR 1 7 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

Holly A Sullivan, Federal Defenders
Defendant's Attorney

**USM Number**   33265-511

☐  -

THE DEFENDANT:

☒  pleaded guilty to count(s)    1 of the Information

☐  was found guilty on count(s)
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1029(a)(2), (b)(1),(c)(1)(A)(I); 18:982(a)(2)(B), 1029(c)(1)(C) - Use and Attempted Use of Unauthorized Access Devices; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ is   dismissed on the motion of the United States.

☒  Assessment : $100.00 waived
    —

☐  JVTA Assessment*: $
    -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine    ☒  Forfeiture pursuant to order filed    3/12/2025    , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 12, 2025
Date of Imposition of Sentence

_/s/ John A. Houston_
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | IONUT IGNAT (1) | Judgment - Page **2** of **6** |
| CASE NUMBER: | 3:24-CR-02009-JAH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 14 months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
1. Placement in the Central District to accommodate family visits.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at _____ A.M. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ on or before
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:24-CR-02009-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | IONUT IGNAT (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:24-CR-02009-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | IONUT IGNAT (1) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:24-CR-02009-JAH | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | IONUT IGNAT (1) | Judgment - Page **5** of **6** |
| CASE NUMBER: | 3:24-CR-02009-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

//

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | IONUT IGNAT (1) | Judgment - Page **6** of **6** |
|---|---|---|
| CASE NUMBER: | 3:24-CR-02009-JAH | |

## RESTITUTION

Pay restitution in the amount of $30,060 through the Clerk, U.S. District Court. Payment of restitution shall be forthwith. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $25 per month or 25% of his gross monthly income, whichever is greater. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Restitution is to be paid to the following victims and distribution is to be made on a pro rata basis.

The Court has determined that the defendant    does not    have the ability to pay interest. It is ordered that:

    The interest requirement is waived    .

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 24-CR-2009-BTM |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| IONUT IGNAT, | |
| Defendant. | |

WHEREAS, in the Information the United States sought forfeiture of all right, title, and interest in all properties of Defendant IONUT IGNAT ("Defendant"), pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C) as any property constituting and derived from proceeds of the offense obtained directly and indirectly from the offense, and any personal properties used in commission of the offense set forth in Count One of the Information; and,

WHEREAS, on or about December 5, 2024, Defendant pled guilty before Magistrate Judge Michelle M. Pettit to the offense set forth in Count One of the Information, charging the defendant with Use and Attempted Use of Unauthorized Access Devices in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and 1029(c)(1)(A)(i), consented to the forfeiture allegations of the Information, and agreed to forfeit all properties seized in connection with this case, but not limited to an Apple iPhone, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 1029(c)(1)(C).

1  WHEREAS, on, December 31, 2024, this Court accepted the guilty plea of
2  Defendant; and

3  WHEREAS, by virtue of the facts set forth in the plea agreement and financial
4  addendum, the Court finds that the United States has established the requisite nexus
5  between the property and the offense; and,

6  WHEREAS, by virtue of said guilty plea, the Court finds the United States is now
7  entitled to possession of the above-referenced property, pursuant to Title 18, United States
8  Code, Sections 982(a)(2)(B), and 1029(c)(1)(C) and Rule 32.2(b) of the Federal Rules of
9  Criminal Procedure; and,

10  WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
11  authority to take custody of the above-referenced property which are hereby found
12  forfeitable by the Court; and

13  WHEREAS, the United States, having submitted the Order herein to the Defendant
14  through his attorney of record, to review, and no objections having been received;

15  Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

16  1.  Based upon the guilty plea of the Defendant to Count One of the Information,
17  the United States is hereby authorized to take custody and control of the Apple iPhone, and
18  all right, title and interest of Defendant IONUT IGNAT in the Apple iPhone is hereby
19  forfeited to the United States pursuant to Title 18, United States Code, Sections
20  982(a)(2)(B), and 1029(c)(1)(C) for disposition in accordance with the law, subject to the
21  provisions of 21 U.S.C. § 853(n).

22  2.  The aforementioned forfeited asset is to be held by the United States Secret
23  Service ("USSS") in its secure custody and control.

24  3.  Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
25  begin proceedings consistent with any statutory requirements pertaining to ancillary
26  hearings and rights of third parties. The Court shall conduct ancillary proceedings as the
27  Court deems appropriate only upon the receipt of timely third-party petitions filed with the
28  Court and served upon the United States. The Court may determine any petition without

1  the need for further hearings upon the receipt of the Government's response to any petition.
2  The Court may enter an amended order without further notice to the parties.

3    4.   Pursuant to the Attorney General's authority under Section 853(n)(1) of
4  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
5  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the
6  United States forthwith shall publish for thirty (30) consecutive days on the Government's
7  forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States'
8  intent to dispose of the specific property in such manner as the Attorney General may direct,
9  and notice that any person, other than the Defendant, having or claiming a legal interest in
10 the above-listed forfeited specific property must file a petition with the Court within thirty
11 (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

12   5.   This notice shall state that the petition shall be for a hearing to adjudicate the
13 validity of the petitioner's alleged interest in the specific property, shall be signed by the
14 petitioner under penalty of perjury, and shall set forth the nature and extent of the
15 petitioner's right, title, or interest in the forfeited specific property and any additional facts
16 supporting the petitioner's claim and the relief sought.

17   6.   The United States shall also, to the extent practicable, provide direct written
18 notice to any person known to have alleged an interest in the specific property that are the
19 subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice
20 as to those persons so notified.

21   7.   Upon adjudication of all third-party interests, this Court will enter an
22 Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned
23 asset, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: 3-12-25

Honorable John A. Houston
United States District Judge